# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. ) I.D. No. 1608014407
)
IDREES MERRITT, )
)
Defendant. )

Submitted: March 24, 2020
Decided:  July 27, 2020

*Upon Defendant's Motion for Postconviction Relief*
**SUMMARILY DISMISSED.**

*Motion for Appointment of Counsel*
**DENIED.**

## <u>ORDER</u>

Idrees Merritt, *pro se*, Smyrna, DE.

Cari Chapman, Esquire, Kelly Sheridan, Esquire Deputy Attorneys General, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorneys for the State of Delaware.

**WHARTON, J.**

This 27th day of July, 2020, upon consideration of Defendant Idrees Merritt's first, untimely first Motion for Post-conviction Relief, and his Motion for Appointment of Counsel, and the record in this matter, it appears to the Court that:

1.  Defendant Idrees Merritt ("Merritt") offered a plea of guilty but mentally ill ("GBMI") to Murder First Degree on June 20, 2017.[1] A pre-sentence investigation was ordered.[2] The Court stated that it would determine at the time of sentencing whether Merritt met the criteria for a finding of GBMI under 11 *Del. C.* §408.[3] On September 8, 2017, after reviewing the presentence report, a report of Merritt's psychological evaluation,[4] and all other materials the parties wished the Court to consider, with the agreement of the State and Merritt, the Court determined that Merritt met the criteria for a finding of GBMI.[5] The Court then imposed a sentence of life without probation or parole consistent with the provisions of 11 *Del. C.* §408(b).[6] Merritt sought a sentence modification under Superior Court Criminal Rule 35, which the Court denied on December 7, 2017.[7] He did not appeal either his sentence or the denial of his sentence modification motion to the Delaware Supreme

---

[1] D.I. 15.
[2] *Id.*
[3] *Id.*
[4] D.I. 12.
[5] D.I. 17.
[6] *Id.*
[7] D.I. 19, 20.

2

Court. He next filed this Motion for Postconviction Relief ("Motion") on March 24, 2020,[8] along with a Motion for Appointment of Counsel.[9] Thus, the Motion for Postconviction Relief is an untimely first postconviction relief motion.[10]

2. The Motion alleges two claims for relief: (1) ineffective assistance of counsel for failing to object to what he describes as a defective guilty but mentally ill plea procedure, and; (2) abuse of the Court's discretion when the Court accepted his GBMI plea without examining certain reports and holding a hearing on the sole issue of his mental illness.[11]

3. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[12] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[13]

4. Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first

---

[8] D.I. 24.
[9] D.I. 23.
[10] Super. Ct. Crim. R. 61(i)(1).
[11] D.I. 24.
[12] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[13] *Id.*

3

recognized.[14] A second or subsequent motion is considered successive and therefore barred unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction ... invalid."[15] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[16] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[17]

5.    Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[18] Here, after careful review of the Motion and the record in the case, it is plainly apparent that Merritt is not entitled to relief and summary dismissal is appropriate.

---

[14] Super. Ct. Crim. R. 61(i)(1).
[15] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[16] Super. Ct. Crim. R. 61(i)(3).
[17] Super. Ct. Crim. R. 61(i)(4).
[18] Super. Ct. Crim. R. 61(d)(5).

6. The Motion is time-barred. The Court adjudged Merritt GBMI and sentenced him on September 8, 2017.[19] Thus, his conviction became final on that date. He does not allege a newly recognized constitutional right or that the bar to relief of Rule 61(i)(1) is made inapplicable by Rule 61(i)(5), nor could he.[20] The Motion's two claims are both predicated on the mistaken belief that the Court did not examine all of the relevant reports (it did) and conduct a hearing on the sole issue of his mental illness (the parties stipulated he met the §408 criteria).[21] This Motion was filed on March 24, 2020, more than 18 months too late.[22] Because this Motion was filed on March 24, 2020, more than 18 months too late, and he has failed to overcome the time bar of Rule 61(i)(1), his Motion is barred.

**THEREFORE**, Defendant Idrees Merritt's Motion for Postconviction is **SUMMARILY DISMISSED.** His Motion for Appointment of Counsel is **DENIED.**

**IT IS SO ORDERED.**

Ferris W. Wharton, J.

oc: Prothonotary
cc: Investigative Services

---

[19] D.I. 16.
[20] *See, Kane v. State,* 2020 WL 2530218 (Del., May 18, 2020).
[21] Indeed, the Motion takes the curious position that by granting his request to be found GBMI, the Court abused its discretion and his lawyer was ineffective for failing to challenge the result he sought.
[22] D.I. 24.